## Case No. 5,035.

The FRANCIS.

[1 Gall. 618.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1813.

Crapo & Searle, for claimant.
Bowen, Robbins, and Burrill, for captors.

---

[1] [Reported by John Gallison, Esq.]

STORY, Circuit Justice. The claim of Mr. John Graham to the sole and exclusive property of certain packages of dry goods is now to be heard, upon the further proof directed in the cause. On the original papers accompanying the shipment, the goods were stated to be on account of John Graham. In an accompanying memorandum, they are stated to be for John Graham & Company; and in a sub-invoice, particular packages are alleged to be for Peter Graham & Company. There are also several letters, addressed to the claimant, &c. giving information as to the goods, which seemed to point to an interest in the shippers, William Graham & Brothers of Glasgow. Upon the further proof it appears that the three firms aforementioned are composed of the same partners, namely, William Graham, John Graham, and Peter Graham, who are all brothers and natives of Scotland. William Graham is a naturalized citizen of the United States, and has resided many years in Scotland, doing the business of their house of trade there, under the firm of William Graham & Brothers. John Graham is also a naturalized citizen of the United States, and has resided many years at New York, doing the business of their house of trade there, under the firm of John Graham & Company, and also carrying on considerable other business on his own private account. Peter Graham (who has been naturalized as a citizen of the United States since the war) has for some years resided at Philadelphia, doing the business of their house of trade there, under the firm of Peter Graham & Company. The principal business of these houses is the shipment of goods between Scotland and the United States, either on their own account or on consignment. The affidavits of all the brothers are produced, and they all allege the exclusive property to be in Mr. John Graham; and attempt to explain the apparent discord of the original papers. The affidavits of their clerks are offered for the same purpose. But no original letters or orders from Mr. John Graham, or copies thereof are exhibited, to relieve the cause from the pregnant suspicions of partnership interest. The whole evidence consists of naked affidavits, although letters and orders are admitted to have passed between the parties.

I am entirely satisfied, that the present shipment having been made by the Scotch house in the ordinary course of their trade, must be held to be on joint account, unless the presumption is conclusively repelled by proof of a shipment on the exclusive account of Mr. John Graham. The best proof, which the nature of the case admits, or which is in possession of the parties, is not brought out. Here are no original orders or letters, or extracts therefrom; and certainly naked statements must be entitled to little weight, when the parties hold better evidence behind the scenes. Either, therefore, this ship-

ment was without orders, and then it stands on joint account; or if there were orders, the latter, if produced, would demonstrate a joint interest. The voluntary suppression, or the original silence of the parties, authorize the court to adopt the same conclusion. I therefore hold Mr. William Graham as entitled to one-third part of the present shipment; and as he is a domiciled British merchant, I condemn it as lawful prize to the captors. The other two third parts I order to be restored.